NORTH CAROLINA              FILED      IN THE GENERAL COURT OF JUSTICE
                              2015 OCT 20 PM 2:39 SUPERIOR COURT DIVISION
GUILFORD COUNTY                                 15 CVS 9124
                          GUILFORD CO., C.S.C.

MAXINE HEMPHILL,     BY _lrd_             )
                                                            )
       Plaintiff,                                             )
                                                            )
vs.                                                                )        COMPLAINT
                                                            )
BALL CORPORATION and BALL METAL BEVERAGE   )
CONTAINER CORP.,                             )
                                                           )
       Defendants.                                          )

COMES NOW PLAINTIFF, complaining of the acts of Defendants, alleges and says that:

1. Plaintiff is a citizen and resident of Rockingham County, North Carolina.

2. Upon information and belief, Defendant Ball Corporation, is a corporation organized and existing under and by virtue of the laws of the State of Indiana, with a place of business in North Carolina. Further, said Defendant works in concert with Defendant Ball Metal Beverage Container Corp. to manufacture products in North Carolina.

3. Upon information and belief, Defendant Ball Metal Beverage Container Corp., is a corporation organized and existing under and by virtue of the laws of the State of Colorado, with a place of business in North Carolina. Further, said Defendant works in concert with Defendant Ball Corporation to manufacture products in North Carolina.

FIRST CAUSE OF ACTION: RACIAL DISCRIMINATION AND RETALIATION

4. That, Plaintiff, a Black female, was employed by Defendants at all times relevant herein. She worked in a variety of positions and remains employed as an operator by Defendants.

5. That despite her good work performance, Plaintiff was not allowed the same double time opportunities in May of 2014 and going forward in 2014 as her Caucasian coworkers.

6. That Plaintiff reported her concerns about racial discrimination and hostile work environment in the double time opportunities to management of Defendant. The concerns appeared to be addressed by a policy change but in actuality, nothing changed.

7. That after reporting these concerns, Plaintiff was subjected to a retaliatory and hostile work environment. Not only did tensions in the workplace increase between the parties but, upon information and belief, Plaintiff was harassed and retaliated against by an agent of Defendants placing a live snake placed on the door handle she was to use.

8.   That shortly after reporting the above incident, Plaintiff was even more isolated in communication and opportunities than she was before.

9.   That Plaintiff had notified the Defendants about racially hostile treatment and her concerns about retaliation for reporting same. Plaintiff was given less favorable assignments after reporting these concerns, reduced communication with the plant manager, and subjected to excessive scrutiny.

10.  When the environment did not improve and opportunities continued to be denied, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about November 17, 2014.

11.  At all times relevant herein, Plaintiff's supervisors and managers to whom she complained about racial discrimination and retaliation for reporting same were agents of the Defendants, duly authorized and acting within the scope of their employment.

12.  Throughout her employment, Plaintiff worked to the best of her abilities and with the best interests of the Defendants in mind.

13.  The conduct of Defendants, as alleged herein, not only violates Title VII of the Civil Rights Act of 1964, as amended, but also violates the public policy of the State of North Carolina.

14.  That within 180 days of the last discriminatory actions of Defendants, Plaintiff filed a charge in writing with the Equal Employment Opportunity Commission (hereinafter "EEOC") charging Defendant with racial discrimination in the denial of overtime opportunities, in the creation of a hostile atmosphere, and then with retaliation in its treatment of Plaintiff after she notified the Defendants regarding the racially hostile environment. Upon completion of its investigation, the EEOC issued a Right to Sue Letter on said charges of discrimination. At this time, Plaintiff has decided to institute a private lawsuit, and is filing same within ninety (90) days of receipt of the EEOC's Right to Sue Letter.

15.  Said creation of a hostile environment, retaliation, loss of opportunity, and racial discrimination of Plaintiff by Defendants, by and through their duly authorized agents is the direct and proximate cause of injury to Plaintiff in an amount in excess of $10,000.00 representing lost wages and benefits, as well as emotional distress. The discrimination and retaliation were very stressful to Plaintiff and rose to the level that a reasonable person would consider outrageous. Moreover, the stress levels were sufficiently severe to receive medical treatment.

## SECOND CAUSE OF ACTION: RELIGIOUS DISCRIMINATION

16.  The allegations set forth in paragraphs one through fifteen are realleged and incorporated by reference as if fully set forth.

17. That upon bringing her concerns to management, the response of one agent of Defendants was to recite Bible verses to her, pray with him, and to suggest that she just move on and live with the problems. She was even instructed to place the Bible verse cards he gave her in a conspicuous place on her security badge so that they could be seen during the day. While Plaintiff is of the Christian faith, said faith should not have been used as a remedy for her concerns about racial discrimination, retaliation, and a hostile work environment. Further, that due to the management position of the agent, she felt failing to acquiesce in his suggestions would yield further problems in the workplace.

18. That within 180 days of the last act of religious discrimination, Plaintiff filed a charge with the EEOC alleging religious discrimination, retaliation, and hostile work environment.. Having received her Right to Sue Letter from the EEOC, she is now bringing the subject action within 90 of receipt of same.

19. That after the filing of the Charge of Discrimination, retaliatory conduct increased and she was interrogated by Defendants' agents regarding the filing of her charge.

20. That as a direct and proximate result of the Defendants' conduct, Plaintiff has suffered damages in excess of $10,000.00 as lost wages, benefits, and emotional distress. The discrimination and retaliation were very stressful to Plaintiff, caused her to seek medical treatment, and rose to the level that a reasonable person would consider outrageous.

WHEREFORE, Plaintiff prays the Court as follows:

1. That Defendants be ordered to cease all discrimination and retaliation in its workplace and to eliminate the hostile environment which exists in its facility;

2. That Defendants be ordered to pay Plaintiff for the overtime opportunities that were denied;

3. That she recover judgment against Defendants, jointly and severally, in an amount in excess of $10,000.00, plus interest;

4. That she recover the costs of this action, including reasonable attorney's fees; and

5. For such other and further relief as to the Court may seem just and proper.

Nancy P. Quinn,
Attorney for Plaintiff
315 Spring Garden St., Suite 1D
Greensboro, NC 27401
Telephone: (336) 272-9072

3